**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**November 19, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

JOSIAS ORTIZ,

    Plaintiff - Appellant,

v.

ANDREW SIDLEY-MACKIE,

    Defendant - Appellee.

No. 25-1312
(D.C. No. 1:25-CV-00007-LTB-RTG)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **TYMKOVICH**, **BALDOCK**, and **FEDERICO**, Circuit Judges.
_____

Josias Ortiz is a state criminal defendant currently appealing his conviction in the Colorado Court of Appeals. Andrew Sidley-Mackie was appointed to represent Ortiz in his state appeal, but Ortiz asked Sidley-Mackie to withdraw so that he could represent himself pro se. Allegedly,

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Sidley-Mackie refused to do so and instead fraudulently represented to the Colorado Court of Appeals that Ortiz may not be competent to self-represent. Based on these allegations, Ortiz filed this federal lawsuit under 42 U.S.C. § 1983 claiming that Sidley-Mackie had violated his constitutional rights.

The assigned magistrate judge recommended dismissing Ortiz's lawsuit for lack of subject matter jurisdiction. Over Ortiz's objection, the district court adopted that recommendation and dismissed the lawsuit. We have jurisdiction under 28 U.S.C. § 1291.

"We review dismissals for lack of subject matter jurisdiction de novo." *Blue Valley Hosp., Inc. v. Azar*, 919 F.3d 1278, 1283 (10th Cir. 2019). Subject matter jurisdiction may arise due to the existence of a federal question. 28 U.S.C. § 1331. Or it may arise due to diversity of citizenship between the parties. 28 U.S.C. § 1332. We address each source of jurisdiction in turn.

Federal question jurisdiction exists when a lawsuit "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This means that we usually have jurisdiction if the plaintiff brings a federal claim, regardless of whether the claim is a meritorious one. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). But if the federal claim is "so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a

2

federal controversy," that claim does not confer jurisdiction. *Id.* (quoting *Oneida Indian Nation of N.Y. v. Cnty. of Oneida*, 414 U.S. 661, 666 (1974)). Here, Supreme Court precedent squarely forecloses Ortiz's § 1983 claim, so even though a § 1983 claim is a federal one, federal question jurisdiction is lacking.

To succeed on his § 1983 claim, Ortiz needed to show that Sidley-Mackie was acting under color of state law. *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). But in *Polk County v. Dodson*, the Supreme Court held that public defenders do not act under color of state law when representing criminal defendants even though public defenders are employed by the government. 454 U.S. 312, 318–19 (1981). Since Ortiz seeks to hold Sidley-Mackie liable for actions taken as appointed defense counsel – which are private rather than state actions under *Polk County* – Ortiz cannot prevail on his claim.

Meanwhile, diversity jurisdiction exists if the parties have diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). On the face of Ortiz's complaint, diversity is absent because both Ortiz and Sidley-Mackie are Colorado citizens. Therefore, diversity jurisdiction is lacking as well.

For these reasons, we conclude that Ortiz's appeal lacks any colorable basis.[1] Accordingly, we deny his pending motion to proceed in forma pauperis and dismiss his appeal.

APPEAL DISMISSED.


Entered for the Court


Richard E.N. Federico
Circuit Judge

---

[1] Ortiz's arguments regarding abstention under *Younger v. Harris*, 401 U.S. 37 (1971), the bar to § 1983 relief under *Heck v. Humphrey*, 512 U.S. 477 (1994), and Sidley-Mackie's allegedly illegal actions have no bearing on the issues of subject matter jurisdiction relevant in this appeal.